**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| U.S. BANK, N.A., | ) | |
| Plaintiff, | ) | 8:11CV243 |
| vs. | ) | ORDER |
| STACIA M. JARZOBSKI, | ) | |
| Defendant. | ) | |

This matter is before the court *sua sponte*.

This action was initially filed by the plaintiff in the County Court of Douglas County, Nebraska. **See** Filing No. 1 - Ex. 2. According to the allegations in the complaint, the plaintiff extended credit to the defendant who then failed to pay the plaintiff in the amount $7,349.47. *Id.* The defendant filed an answer and counterclaim alleging violations pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. *Id.* Ex. 3. On July 8, 2011, the plaintiff removed the action to this court stating federal question jurisdiction exists based on the defendant's counterclaims. **See** Filing No. 1 - Notice of Removal.

No party has moved for remand, however "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); **In re** *Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The determination about whether a federal court has

removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998).

The court finds the notice of removal appears insufficient to grant this court jurisdiction. In this case, the face of the complaint states a specific amount of damages. Such showing may be determinative and indicates no diversity jurisdiction exists. **See** *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). The plaintiff alleges federal question jurisdiction exists. "Federal question jurisdiction, however, is determined solely by the allegations contained in the plaintiff's complaint. It is well-established that a defendant cannot remove based on a counterclaim." *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) (**citing** *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); **see** *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998) (noting exception of complete preemption). Similarly, the plaintiff has shown no statutory right exists for *the plaintiff* to remove this matter based on a defense or counterclaim. **See** *Duckson*, 139 F. Supp. 2d at 1119 (**citing** *Shamrock Oil*, 313 U.S. at 107). The plaintiff does not allege complete preemption. Nevertheless, the plaintiff shall have an opportunity to show cause why this matter should not be summarily remanded.

**IT IS ORDERED:**

The plaintiff shall have to **on or before November 2, 2011**, to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

DATED this 12th day of October, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge